FILED
SEP 21 2006 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRITY FINANCIAL SERVICES,<br><br>Defendant. | 06CV5112<br>JUDGE FILIP<br>MAGISTRATE JUDGE SCHENKIER<br><br>JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Latonya S. Whittington ("Whittington) who was adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Integrity Financial Services ("Defendant") discriminated against Whittington by subjecting her to discrimination based on her race, Black, in that it unlawfully terminated her employment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Integrity Financial Services was continuously been doing business in the State of Illinois and the City of Oakbrook, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Integrity Financial Services has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e- 5 (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Whittington filed a charge with the Commission alleging violations of Title VII by Defendant Integrity Financial Services. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2005, Defendant Integrity Financial Services engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful employment practices include discriminating against Whittington of the basis of her race, Black, by unlawfully terminating her employment because of her race.

8. The result of the practices complained of in paragraph seven (7) above has been to deprive Whittington of equal employment opportunities and otherwise adversely affect her status as employee because of her race, Black.

9. The unlawful employment practices complained of in paragraph seven (7) were intentional.

10. The unlawful employment practices complained of in paragraphs seven (7) and eight (8) above were done with malice or with reckless indifference to the federally protected rights of Whittington.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Integrity Financial Services, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

B. Order Defendant Integrity Financial Services to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of race and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Integrity Financial Services to make whole Whittington by reinstating her employment;

D. Order Defendant Integrity Financial Services to make whole Whittington by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment

practices;

E. Order Defendant Integrity Financial Services to make whole Whittington by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

F. Order Defendant Integrity Financial Services to make whole Whittington by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

G. Order Defendant Integrity Financial Services to pay Whittington punitive damages for its malicious and/or reckless conduct as described above, in amounts to be determined at trial;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory M. Gochanour
Supervisory Trial Attorney

_____
June Wallace Calhoun
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7259
ARDC NO. 0620258